IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHON JOHNSON<br>Apartment K<br>215 South MacDade Blvd.<br>Glenolden, PA 19036-2029<br><br>  vs.<br><br>TOWNSHIP OF DARBY<br>21 Bartram Avenue<br>Glenolden, PA 19036<br>  and<br>DEPUTY CHIEF OF POLICE CORY COOPER<br>Individually and as a police officer<br>for the Township of Darby<br>c/o Township of Darby Police Dept.<br>21 Bartram Avenue<br>Glenolden, PA 19036<br>  and<br>POLICE OFFICER STEVEN O'HARA<br>Individually and as a police officer<br>for the Township of Darby<br>c/o Township of Darby Police Dept.<br>21 Bartram Avenue<br>Glenolden, PA 19036 | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

**Parties**

2. Plaintiff, Stephon Johnson, is an adult individual who resides at 215 South MacDade Blvd., Apartment K, Glenolden,

Pennsylvania 19036 and at all times relevant to this action was present in Darby Township, Pennsylvania.

3. Defendant, Township of Darby, is a municipal corporation of the Commonwealth of Pennsylvania organized and existing under the laws of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Township of Darby Police Department which employs Defendant, Deputy Chief Cory Cooper, and Defendant, Police Officer Steven O'Hara.

4. Defendant, Township of Darby, at all times relevant to this Complaint, was responsible for the training and actions of all its police employees, and authorizes and supports their actions under color of state law, pursuant to either official policy, custom or practice of the Township of Darby.

5. Defendant, Deputy Chief Cory Cooper, is a police officer for the Township of Darby Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual capacity.

6. Defendant, Police Officer Steven O'Hara, was and is at all times relevant hereto employed by the Township of Darby Police Department as a police officer for the Township of Darby Police Department acting under color of state law and within the course and scope of his employment with the Township of Darby Police Department. The Defendant officer is being sued in his individual capacity.

7. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff, Stephon Johnson, of his constitutional and statutory rights as hereinafter described.

**Factual Allegations**

8. On or about June 22, 2020 at approximately 9:00 p.m. Plaintiff, Stephon Johnson, was lawfully operating his vehicle on Hook Road in the Township of Darby.  He noticed that he was being followed by a Township of Darby Police Department vehicle.  After being followed for approximately 2 to 3 minutes, the Darby Township police vehicle activated its overhead lights and Plaintiff immediately pulled to the side of the road.

9. Plaintiff was approached by Defendant, Police Officer Steven O'Hara.  Officer O'Hara requested Plaintiff's license, registration and insurance card.  Plaintiff immediately complied with Officer O'Hara's request.

10. Officer O'Hara took Plaintiff's credentials to his police car and after several minutes returned to Plaintiff's vehicle.

11. When Officer O'Hara returned to Plaintiff's vehicle, he ordered Plaintiff to step out of his car.  Although Plaintiff asked why he was being ordered out of the car, he complied with Officer O'Hara's request.

12. Plaintiff asked Officer Hara if he could record the encounter and Officer Hara told him he was not permitted.

3

13. Plaintiff asked Officer O'Hara for his name and badge number and Officer O'Hara refused to provide that information.

14. Without reasonable suspicion that Plaintiff was armed or carrying any contraband, Officer O'Hara then conducted an illegal pat down of Plaintiff's body.

15. Without reasonable suspicion, much less probable cause that Plaintiff had committed any crime, Officer O'Hara then placed Plaintiff in handcuffs, searched him and asked for Plaintiff's consent to search his vehicle. Plaintiff did not give consent for Officer O'Hara to search his vehicle.

16. Without probable cause, Officer O'Hara nevertheless searched Plaintiff's vehicle including searching the trunk of the vehicle.

17. Officer O'Hara found no contraband neither during his unconstitutional search of the Plaintiff nor during his unconstitutional search of Plaintiff's vehicle.

18. Plaintiff was kept in handcuffs for approximately 45 minutes while Officer O'Hara conducted his unlawful search of Plaintiff's vehicle.

19. When Officer O'Hara completed the unlawful search, he removed the handcuffs and sarcastically said to Plaintiff "Are you going to protest me," referring to the recent peaceful protests which had been going on since the police killing of George Floyd.

20. Later that day, Plaintiff went to the Township of Darby

Police Department to make a citizen's complaint and to try to ascertain the identity of Officer O'Hara.

21. He was met by Deputy Chief of Police Cory Cooper.

22. Plaintiff explained to Defendant Cooper his earlier encounter with Officer O'Hara, as described hereinbefore.

23. Defendant Cooper briefly left and when he returned he falsely told Plaintiff that there was no record of any Township of Darby police officer having any interaction with him that day.

24. Defendant Cooper also falsely told Plaintiff that there was no way to ascertain the name of the officer who had illegally detained him and searched his vehicle.

25. Upon information and belief, Defendant Cooper could have easily gotten the name of the officer who had detained Plaintiff by utilizing the police department's GPS data to determine which police car had been used in detaining Plaintiff.

26. The identity of the officer could also have been discovered by reviewing patrol activity logs.

27. Rather than utilizing means at his disposal to discover the identity of Officer O'Hara, Defendant Cooper consciously decided to withhold that information from Plaintiff in order to prevent Plaintiff from learning the identity of Officer O'Hara.

28. Defendant Cooper withheld the identity of Officer O'Hara with the intention of preventing Plaintiff from exercising his First Amendment right to access of the courts. More specifically,

Defendant Cooper was actively trying to prevent Plaintiff from being able to seek redress in the courts for the illegal and unconstitutional conduct of Officer O'Hara.

29. As a direct and proximate result of the actions of Defendant, Officer Steven O'Hara, Plaintiff, Stephon Johnson, suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent as well as financial losses.

30. The actions taken by Defendant, Police Officer Steven O'Hara, in this matter were taken under color of state law.

31. The conduct of Defendant, Police Officer Steven O'Hara, violated Plaintiff's rights guaranteed by the First and Fourth Amendments of the United States Constitution and in particular Plaintiff was deprived of his right to freedom of speech, to be free from unlawful search and seizure and to be secure in his person and property. Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

32. Defendant, Township of Darby, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. The use of unlawful search and seizure, and depriving

citizens such as Plaintiff of their right to freedom of speech by police officers;

b. The proper exercise of police powers, including but not limited to the unlawful search and seizure, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e. Police officers' use of their status as police officers to employ the use of unlawful search and seizure or to achieve ends not reasonably related to their police duties; and

f. The failure of police officers to follow established policies, procedures, directives and instructions when conducting a search and seizure and arrest powers under such circumstances as presented herein.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

33. Plaintiff, Stephon Johnson, incorporates by reference paragraphs 1 through 32 of the instant Complaint.

34. As a direct and proximate result of Defendants' conduct, committed under state law, Plaintiff, Stephon Johnson, was deprived of his right to freedom of speech, to be free from an unlawful search and seizure and to be secure in his person and property. As a result, Plaintiff, Stephon Johnson, suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the First and Fourth Amendments thereof, and 42 U.S.C. § 1983.

35. As a direct and proximate result of the acts of Defendants, Plaintiff, Stephon Johnson, sustained emotional harm, loss of liberty and financial losses, all to his detriment and harm.

36. The Township of Darby failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Township of Darby police officers, thereby causing and encouraging Township of Darby Police Department, including the Defendant officer in this case, to violate the rights of citizens such as Plaintiff, Stephon Johnson.

37. Defendants have by the above described actions deprived Plaintiff, Stephon Johnson, of rights secured by the First and

Fourth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

38. Plaintiff, Stephon Johnson, incorporates by reference paragraphs 1 through 37 of the instant Complaint.

39. The acts and conduct of the Defendants in this cause of action constitute false arrest, false imprisonment and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiff, Stephon Johnson, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney's fees and costs;

    d. Such other and further relief as appears reasonable and just; and

    e. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff